IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TANNER W. ALLSUP,

    Plaintiff,

v.                                              Civ. No. 24-769 GJF/GBW

ANTERO JIMENEZ and
U.S. CUSTOMS AND
BORDER PROTECTION,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court upon a review of the record. Plaintiff filed his Complaint on July 31, 2024. *Doc. 1*. As of November 1, 2024, while the individual defendant had been served and filed an answer, Defendant U.S. Customs and Border Protection had not been properly served. *See docs. 5, 6, 8*. Specifically, the record reflected the summons for Defendant U.S. Customs and Border Protection was personally served on an individual in El Paso, Texas – "Davi G. Williams – CBP/OCC." *Doc. 5*. However, to "serve a United States agency …, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency…." Fed. R. Civ. P. 4(i)(2). Service on the United States in this context requires complying with all the applicable requirements of Fed. R. Civ. P. 4(i)(1). These requirements include (i) delivering a copy of the summons and complaint

1

to the United States Attorney in the District of New Mexico as described in Rule 4(i)(1)(A); and (ii) sending a copy to the Attorney General of the United States as described in Rule 4(i)(1)(B).  Due to Plaintiff's failure to comply with the service requirements, the Court, on November 1, 2024, ordered Plaintiff to "properly serve Defendant U.S. Customs and Border Protection **within forty-five days** or face dismissal of the claims against that defendant without prejudice."  *Doc. 9*.

On December 10, 2024, Plaintiff filed a notice apparently purporting that the service had been properly executed.  *See doc. 10*.  However, the notice does not demonstrate that the service was made on the United States Attorney for the District of New Mexico as required and explicitly highlighted in the Court's earlier order.  *See doc. 9*; Fed. R. Civ. P. 4(i)(1)(A).  Moreover, nothing in the notice indicates that a copy was sent to the Attorney General of the United States.  *See* Fed. R. Civ. P. 4(i)(1)(B).

Plaintiff is well past the ninety-day deadline to properly serve the agency defendant pursuant to Rule 4(m).  *See* Fed. R. Civ. P. 4(m).  He has not shown good cause to further extend the time for service.  Moreover, Plaintiff failed to properly serve the agency defendant despite an order to do so which explicitly pointed him to the proper rule and warned that failure to comply could result in dismissal without prejudice.

Therefore, I hereby **RECOMMEND** that Defendant U.S. Customs and Border Protection be dismissed from this action without prejudice.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**